FILED
JUL 2 1 2008
JuL 21 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel. )
)
Antonio Thomas #B-32607 )
(Full name and prison number) )
(Include name under which convicted) )
)
PETITIONER )      08CV 4113
)      JUDGE CASTILLO
vs. )      MAGISTRATE JUDGE KEYS
)
Donald Hulick, Warden )
(Warden, Superintendent, or authorized )
person having custody of petitioner) )
)
RESPONDENT, and )
)
(Fill in the following blank only if judgment )
attacked imposes a sentence to commence )
in the future) )
)
ATTORNEY GENERAL OF THE STATE OF )      Case Number of State Court Conviction:
)
)      99 CR 10375
(State where judgment entered) )

PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Cook County Circuit Court 2650 S. California, Chicago, Illinois 60608

2. Date of judgment of conviction: 12-17-01

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known) Aggravated Kidnapping

4. Sentence(s) imposed: 60 years

5. What was your plea? (Check one)   (A) Not guilty   (✓)
                                      (B) Guilty       ( )
                                      (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):   Jury (✓)     Judge only ( )
2. Did you testify at trial?   YES ( )   NO (✓)
3. Did you appeal from the conviction or the sentence imposed?   YES (✓)   NO ( )

    (A) If you appealed, give the

    (1) Name of court: Appellate Court of Illinois
    (2) Result: Affirmed
    (3) Date of ruling: 10-24-04
    (4) Issues raised: 1) The State did not prove it's case beyond reasonable doubt 2) The trial court erred in several evidentiary rulings, 3) There was pervasive prosecutorial misconduct.

    (B) If you did not appeal, explain briefly why not:
    _____

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (✓)   NO ( )

    (A) If yes, give the

    (1) Result: Denied Petition for Leave to Appeal
    (2) Date of ruling: 3-30-05
    (3) Issues raised: 1) Appellate Court erred in not reversing Petition conviction for Aggravated Kidnapping, 2) It was agreed by all parties that Petition was not a gang member, 3) Under State examination Jeff Henderson told the State Attorney he alone kidnapp Q. Kirkwood 4) prosecutorial misconduct
    (✗) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (✓)

    If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (✓)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Cook County Circuit Court

   B. Date of filing: 11-20-05

   C. Issues raised: (1) Petitioner was denied United State Constitution in that there was no probable cause at time of arrest; (2) Petitioner denied United State Constitution in that his conviction was obtained through Abuse of Court discretion; (3) Denied effective Assistance Counsel.

   D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (✓)

   E. What was the court's ruling? Denied

   F. Date of court's ruling: 12-20-05

   G. Did you appeal from the ruling on your petition?   YES ( )   NO (✓)

   H. (a) If yes, (1) what was the result? _____
       (2) date of decision: _____

      (b) If no, explain briefly why not: Appointed Appeal counsel withdraw from case

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES (✓)   NO ( )

      (a) If yes, (1) what was the result? Petition Denied
          (2) date of decision: 1-30-08

      (b) If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (✓)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1.    Nature of proceeding    _____

        2.    Date petition filed    _____

        3.    Ruling on the petition    _____

        4.    Date of ruling    _____

        5.    If you appealed, what was the ruling on appeal?    _____

        6.    Date of ruling on appeal    _____

        7.    If there was a further appeal, what was the ruling ?    _____

        8.    Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (✓)

    A. If yes, give name of court, case title and case number: _____

    _____

    B. Did the court rule on your petition? If so, state

        (1) Ruling:    _____

        (2) Date:    _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (✓)

    If yes, explain: _____

    _____

Revised: 7/20/05

**PART III – PETITIONER'S CLAIMS**

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one Petitioner Conviction must be reversed, And remanded for A New
Supporting facts (tell your story briefly without citing cases or law):

trial as his 6 Amendment right of the United States Constitution were violated as his Counsel's ineffiveness, And incompetence fell far below A minimum Standard of representation required in A Attorney for his or her Client. 2) Counsel failed to investigate And prepare A defense Against the state presenting the unsupported, And unsubstantiated Charges of Aggravated Kidnapping. Counsel ineffectiveness failed to Call two Key eye witnesses that would have prove that petitioner is not, And was not the person they saw kidnap Quinton Kirkwood the Night of March 26, 1999.

Ground 3) If Counsel had read police general progress report giving
Supporting facts: by Beatrice Applewhite, And Latrice Applewhite. Counsel would known that both gave A statement (Exhibit:A) 4) Beatrice Applewhite describe the person who spoke to her, five-three to five-four inches tall 150 pounds. (Exhibit: A of A) 5) Counsel failed also to subpoena Latrice Applewhite to court to help prove petitioner was not the person she saw March 26, 1999 She also talked to police About what she saw when she looked out her back bedroom window, gave slightly different descripton of the person was five-five to five-six medium build. (Exhibit: B) still clearly that description dose Not fit that of Petitioner, trial Counsel knew About those two witnesses but failed to Call them to court. (T.R. Q-55). The two name was on the state discovery witness list, And read to the juror doing trial. T.R. Q-55.

(B) Ground two: Trial Counsel was ineffectiveness when he did not call for
Supporting facts: mistrial when he knew trial judge was going to reverse his previous ruling to not admit any gang material or gang evidence that was going to prejudicial Against petitioner, since it was established that petitioner not a gang member, nor was the crime charged gang related. T.R.V-112. 2) Petitioner had a severance from co-defendant so there won't be any prejudicial At Petitioner Trial because of co-defendant. 2) One of the state witnesses was going to testify on evidence just on petitioner co defendant being a leader of A gang. T.R.V-84. Petitioner asked that his jury leave the courtroom. T.R.V-212.

(C) Ground three: Petitioner Appellate Counsel was ineffectiveness not argue that
Supporting facts: Petitioner Sentence was unfairly disparate to that of Petitioner Co-defendant. Petitioner was Sentence to 60 years for Aggravated Kidnapping Petitioner Sentence the same as Co defendant 60 years for first degree Murder. 2) Petitioner was found not guilty of first degree murder, the trial judge use petitioner prior conviction that was 10 years old to extended Petitioner Sentence to 60 years just for Aggravated Kidnapping, that should have been a regular Kidnapping. T.R.CC-84. 3) Petitioner Also Argued that his sentence was excessive when compared to the 60 years sentence imposed on Co defendant for Murder denied petitioner of 6, And 8 Amendment right of United State Constitution.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

YES ( )   NO (✓)

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:
ground three was not raised, because petitioner Appellate Counsel did not raised it in his Appeal

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____

(B) At arraignment and plea _____

(C) At trial Tom Verdun 828 Davis Street Evanston, Il 60201

(D) At sentencing Tom Verdun

(E) On appeal Andrea Monsees 180 N. LaSalle Street, Chicago, Il 60601

(F) In any post-conviction proceeding pro se, help through a jail house litigant

(G) Other (state): Jessica D. Thomlinson 203 N. LaSalle Chicago, Il 60601 withdrawal

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (✓)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____     _____
            (Date)                  Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

*Antonio Thomas*
(Signature of petitioner)

A-32607
(I.D. Number)

P.O. Box 711 Menard, Ill 62259
(Address)

Continue from (B) ground two page #6

3) Any evidence about the law of Henderson and Duel gang, was prejudicial and unnecessary, but the state did not care as long as they the flashpoint word "gang" to work with.

(D) Ground Four
Support Fact: Petitioner was denied due process of the United States Constitution, 5, 6, and 14 Amend in that the state use Henderson testimony from his own trial against petitioner in his trial.

1) The abuse of discretion resides in the trial court having admitted wholly prejudicial hearsay that overwhelmed the real issues in petitioner trial.

2) As for the testimony about Henderson testimony in his own trial this hearsay overwhelmed petitioner trial transforming it into a trial about whether Henderson committed the uncharged offenses of perjury or obstruction of justice, and making petitioner guilt hinge on that. T.R.W-60-70

3) The result of the Henderson hearsay was that the state hijacked petitioner trial, making it a trial about Henderson, and what Henderson said at his trial blameing petitioner. T.R.V-140-47

4) Henderson took the stand for the state at petitioner trial believing that either state or Federal prosecutor could still have more shocks in store for him base

● Continue from (D) ground Four page #7

ON the underlying event, he Nonetheless Confess under oath that he Kidnap Kirkwood. T.R.V-238-39

(E) Petitioner due process And equal protection of the law Under the United States Constitution in that the trial court Allowed detective Thomas McGreal testimony that Michael Pryor identified petitioner in A line up As the individual that put Quinton Kirkwood in A trunk of the Car. T.R. B-10-11

1) That testimony Should not have been Allowed And Should have been declared inAdmissible because Michael Pryor was Never called to Court to testify, And Corroborate this fact the Court had only the word of detective Thomas Greal that Michael Pryor identified petitioner in A line up. T.R. B-4-11

2) Petitioner Contends that throughtout his entire case, before And during trial was there Any evidence or credible witness testimony presented to the court that they witness petitioner committ the offenses of Aggravated Kidnapping of Quinton Kirkwood

(F) Petitioner was not prove guilty beyond A reasonable

● Continue from (F) ground Five page #8

doubt of the 5, And 14 Amends United States Constitution, in that petitioner jury Acquitted on First-degree felony murder but convicted of Aggravated Kidnaping And Attempt Armed robbery

1.) Petitioner jury Acquitted on All first degree Murder Charges As well As felony murder Charge Alleging that death occurred during the Commission of A forcible felony. CLR-110-12

2) As Instructed this jury really had no option but to return guilty verdict on first degree murder if they concluded that the State had proved that petitioner was Attempting to Commit the offense of Armed robbery or committing the offense of Aggravated Kidnaping. T.R.Y-44

3) The inconsistent verdicts in petitioner jury verdict must have believed indistinguishable facts or elemental to have been both proved beyond A reasonable doubt And not proved beyond A reasonable doubt, then the evidence was in equipoise, And no reasonable juror would have opted for conviction.

## Reasonable Doubt

Petitioner contends that he was not proved guilty beyond a reasonable doubt. A jury acquitted petitioner of felony murder count but convicted him of Aggravated Kidnapping. The state proceduced scant evidence to tie petitioner to the offenses in which he was convicted.

(1). The state based it's case chiefly on the statements and testimony of Jeff Henderson and Ronnie Wheatley. The Court, and both partys, state and Defense Counsels determined that Jeff Henderson was a liar and his testimony could not be relied upon for it's truthfulness.

(2). Ronnie Wheatley was an admitted Alcoholic, heroin and cocaine abuser that came forward eight (8) months later only after he, himself had been arrested again and in custody on a drug possession offense violating his probation for the second or third time, and in fear of going to prison himself. Ronnie Wheatley had a vested interest to testify against petitioner. He manipulated his freedom once again in addition to over five thousand ($5,000) dollars from the state's attorney office for his testimony against petitioner. T.R. U-93, 112. SR. 1/4 A-108-12

(3). The inconsistent verdicts in petitioner case alone raises reasonable doubt of petitioner's guilt. The trial judge decision to reverse his previous ruling to admit any gang material or gang evidence, since it was established that petitioner was not a gang member nor was the crime charged gang related, only inflamed the passion of the jury against petitioner. And it's prejudice outweighed it probative value, denying petitioner a fair and impartial trial.

(4). The jury was left with no alternative but to find petitioner guilty of something, if nothing but guilt by association because the state prosecutors failed to introduce any substantial evidence to support the verdict of guilt for Aggravated Kidnapping. The state's case was based entirely on circumstantial evidence and inconsistent testimony and was insufficient to support petitioner's guilt beyond a reasonable doubt.

(5). The perpetrator's confession, exculpating the accused goes a long way toward establishing reasonable doubt of petitioner guilt. Here Henderson took the stand, and believing that either state or federal prosecutor could still have more shocks in store for him based on his confession, under oath, that he and James Williams had planned to rob

Quinton Kirkwood, ▪▪▪ T.R.V-240. Henderson confessed from the witness stand completely exonerated petitioner. This was a judicial confession, the most probative evidence known to the law and as a judicial confession, it raised a reasonable doubt of guilt. (Exhibit:C). T.R.V-121-240

Petitioner attached affidavit support Jeff Henderson testimony that he gave at petitioner trial surrounding the incident that occurred in the case of Quinton Kirkwood as (Exhibit=C)

Petitioner conviction and sentence can not stand justice requires that judgment be vacated and he be given a new trial.

Exhibit A

**GENERAL PROGRESS REPORT**
**DETECTIVE DIVISION/CHICAGO POLICE**

DATE OF ORIG. CASE REPORT: 27 MAR 99
DATE OF THIS REPORT: 27 MAR 99  WATCH: 2
BEAT/UNIT ASSIGNED: 5439

OFFENSE CLASSIFICATION – LAST PREVIOUS REPORT: HOMICIDE/MURDER
VICTIM'S NAME AS SHOWN ON CASE REPORT: KIRKWOOD

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

Beatrice –

Friday evening, approx 9:15 hrs Beatrice was sitting on the 1st floor back porch stoop with her 3 yr old nephew Jaquell. She didn't notice anything unusual at the time. Approx 2 minutes later she heard two gunshots from the immediate area. Immediately after Beatrice heard a male person say, "Dude, would you go in the house for a minute."

Beatrice saw a male person standing at the top of the basement steps to her left. She was seated on the porch at the entranceway to her rear apt door. (M/B 5'3"–5'4", 150 lbs, slim build, 20–22 yrs) dk clothing, short cut hair. She could not see if he was armed. She did not recognize him. She went in the house. She did not call the police because there are shots constantly fired in the area.

She told her sister, Latrice, of the occurrence. 2–3 minutes later, she heard 4 more gunshots. Beatrice + Latrice looked out of the rear bedroom window. Looking westward, on the 1st floor rear porch

REPORTING OFFICER'S SIGNATURE – STAR NO.: Thomas A Mulford 20176
RECEIVED BY SUPERVISOR'S SIGNATURE – STAR NO.:
DAY/MO./YR. TIME: 27 MAR 99

CPD-23.122 (Rev. 2/83)

Exhibit K

**GENERAL PROGRESS REPORT**
DETECTIVE DIVISION/CHICAGO POLICE

DATE OF ORIG. CASE REPORT: 27 MAR 99
DATE OF THIS REPORT: 27 MAR 99  WATCH: 2

OFFENSE CLASSIFICATION—LAST PREVIOUS REPORT: HOMICIDE MURDER
VICTIM'S NAME AS SHOWN ON CASE REPORT: KIRKWOOD
BEAT/UNIT ASSIGNED: 5704

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

Beatrice

Beatrice said that there was a black colored 4dr car parked car facing S/B — maroon directly in front of the living room window. The car had been parked there when she was previously sitting on the porch. She did not know who the owner was. There was no older cars parked there. A prior occurrence — She saw the car driven N/B through the alley. — Unable to say occupant. She did not go outside to look. When she went out the front door she looked for her 3 kids. — She thought they were home.

Beatrice called the police.
Phone 521-1705

Aunt Luedella Carpenter 65 yrs was sleeping in middle apt bedroom. Currently at work O'Hare Airport Catering. Leaves home at 5:30 – 6:00 PM.

REPORTING OFFICER'S SIGNATURE—STAR NO: Thomas A. McQueen 20567
RECEIVED BY SUPERVISOR'S SIGNATURE—STAR NO: 1780
DAY-MO-YR: 19 APR 99

CPD-23.122 (Rev. 2/83)

front of car opp 15' w of [illegible] did see [illegible] or [illegible]
approx centered on two rear bedroom windows

| GENERAL PROGRESS REPORT<br>DETECTIVE DIVISION/CHICAGO POLICE | front of car [illegible] | E/B [illegible] apt | DATE OF ORIG. CASE REPORT<br>25 / MAR / 99 | DATE OF THIS REPORT<br>27 / MAR / 99  2 |
|---|---|---|---|---|
| OFFENSE CLASSIFICATION—LAST PREVIOUS REPORT<br>HOMICIDE/MURDER | VICTIM'S NAME AS SHOWN ON CASE REPORT<br>KIRKWOOD | | | BEAT/UNIT ASSIGNED<br>5424 |

This form is designed for recording handwritten notes and memoranda which are made during the conduct of investigations, including: inter-watch memoranda (handwritten or typewritten), witness and suspect interview notes, on-scene canvas notes, and any handwritten personal notes made by detectives during the field investigation of violent crimes which are used to prepare official Department case reports.

① APPLEWHITE Latrice   F/B   18 yrs   30 OCT 80
5'6"   123   1648 So Christiana 1st Fl
Collins H.S.   12th GRADE   1313 So Sacramento
SS# 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

Friday evening, Latrice was watching TV
in the rear bedroom. She heard 2 guys [?]
close by, or [illegible] from the rear porch.
She did not look out the rear window
at that time. [crossed out] [illegible] after she
heard 4 more shots. She looked out
the rear bedroom window & saw
blk car with a red [illegible] on the
side of the car. She saw guy
M/B - 23-28 yrs, 5'6 - 5'8", med build,
dk clothing getting into front driver side
of the car - could not see if he was
armed - drove to alley, then west down
alley.

[illegible] morning approx 9:00 a neighbor boy
[illegible] "Poo" 13 yrs, was standing
in [illegible] alley on [illegible] [illegible] [illegible]

| REPORTING OFFICER'S SIGNATURE—STAR NO.<br>Thomas [illegible] 2056 | RECEIVED BY SUPERVISOR'S SIGNATURE—STAR NO.<br>[illegible] 160 | DAY-MO.-YR.   TIME<br>27 MAR 99 |
|---|---|---|

CPD-63.122 (Rev. 2/83)

(Exhibit: C)

# AFFIDAVIT

I, Jeff Henderson first duly sworn on oath that the following is true and correct to the best of my knowledge. The investigator officers and Assistant States Attorney all at the police station asking me about Antonio Thomas because he's the brother of Duel Thomas, I told them I didn't know Antonio Thomas, I met him by going to a party with some friends of mine that day of March 26, 1999, I found out when I got there that, that party was for Duel Thomas brother Antonio Thomas, I was told to involve Antonio Thomas in a statement the Assistant States Attorney wrote that if I do this I could leave and become a witness in that case. Now at my trial my Attorney Robert Gevirtz told me that the only way to win my trial I would have to lie on Duel Thomas and his brother Antonio Thomas. I Jeff Henderson and James Williams and a guy name Pokey kidnapped and murdered Quinten Kirkwood, I'm sorry for lieing on Antonio Thomas he had nothing to do with the case the only thing Antonio Thomas is guilty of is being Duel Thomas brother. This is what I know to be true and if I was called to testify this is what I would say.

Subscribed and sworn to before me this 10th day of May, 2006

Jeff Henderson

Crystal L Mason

"OFFICIAL SEAL"
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2009

IN THE UNITED STATES DISTRICT COURT
FOR THE __Northern__ DISTRICT OF ILLINOIS

| | |
|---|---|
| __Antonio Thomas__ ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| __Donald Hulick, Warden__ ) | The Honorable |
| ) | |
| _____ ) | _____, |
| Defendants. ) | Judge Presiding. |

NOTICE OF FILING

TO: __Clerk of the United States District Court__
__Prisoner Correspondent, 219 S. Dearborn Street__
__Chicago, Illinois 60604__

PLEASE TAKE NOTICE that on or before the ____ day of __July__, __2008__, I shall file with the Clerk of the U.S. District Court For The __Northern__ District of Illinois, the attached Plaintiff's __One Original, And two Copies of Habeas Corpus, And in forma pauperis, And motion for Appointment of Counsel And Exhibits__ a copy of which is hereby served upon you.

By: __Antonio Thomas__
Register Number __B-38607__
Post Office Box 711,
Menard, Illinois 62259

CERTIFICATE OF SERVICE

I, __Antonio Thomas__, being duly sworn aver that I have served copies of the foregoing to the person named above by placing such copies in the U.S. Mailbox at the Menard Correctional Center on the ____ day of __June__, __2008__; postage prepaid. UNDER THE PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.

__Antonio Thomas__
Affiant/